UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY FRANKLIN,<br><br>   Plaintiff,<br><br>   v.<br><br>GEORGE GIURBINO, et al.,<br><br>   Defendants. | Case No. 15-cv-04755-YGR (PR)<br><br>**ORDER DIRECTING CLERK TO PROVIDE PLAINTIFF WITH SUBPOENA DUCES TECUM FORM; AND GRANTING PLAINTIFF: (1) EXTENSION OF TIME TO PROVIDE REQUIRED INFORMATION NECESSARY TO LOCATE DEFENDANTS RUFF AND CHAUS, AND (2) EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983. Thereafter, the Court issued its Order of Service.

Service has been ineffective on Defendants Mike Ruff and Anthony Chaus, Chiefs at the Office of Correctional Safety ("OSC") of the California Department of Corrections. In an Order dated May 9, 2016, Plaintiff was directed to provide the Court with the required information necessary to locate each of these Defendants. He was also informed that the failure to do so shall result in the dismissal of all claims against these Defendants.

On May 16, 2016, the other served Defendants filed a motion to dismiss.

Plaintiff has filed a request for an extension of time to provide the Court with the required information necessary to locate Defendants Ruff and Chaus. Having read and considered Plaintiff's request, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request for an extension of time is GRANTED. The time in which Plaintiff may provide the Court with the required information necessary to locate these Defendants will be extended up to and including **August 31, 2016. Failure to do so by the new deadline shall result in the dismissal of all claims against Defendants Ruff and Chaus.**

Plaintiff has also filed a request for an extension of time in which to file his opposition to Defendants' motion to dismiss. Having read and considered Plaintiff's request, and good cause

appearing, IT IS ALSO HEREBY ORDERED that Plaintiff's request for an extension of time is GRANTED. The time in which Plaintiff may file his opposition to Defendants' motion to dismiss will also be extended up to and including **August 31, 2016**. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

Finally, Plaintiff moves for a Court order to serve a subpoenas duces tecum on the OCS Litigation Coordinator, which constitutes a demand made upon a non-party. Dkt. 22. Plaintiff has attached a copy of a completed subpoena form, which the Clerk of the Court has marked as "received," compelling the OCS Litigation Coordinator to provide "records concerning Defendants Mike Ruff and Anthony Chaus" and it includes a deadline of "no later than June 22, 2016." Dkt. 23. First, the Court cannot compel non-parties, such the OCS Litigation, to provide Plaintiff with information. However, Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out the subpoena forms provided by the Clerk and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, *see* 28 U.S.C. § 1821(b), and cannot be waived for a Plaintiff proceeding *in forma pauperis*. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). These requirements do not apply to a request for production of documents from one party on any other party. *See* Fed. R. Civ. P. 34(a). While Plaintiff has completed the subpoena form, he has not articulated with particularity which "records" he needs, i.e., the current addresses of these Defendants. Nor has he submitted the requisite fee. Accordingly, at this time, Plaintiff's motion is DENIED as premature. Dkt. 22. The Court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if Plaintiff submits to the Court an *updated* subpoena form (containing a more detailed request and a new deadline) and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production. *See* Fed. R. Civ. P. 34(b). The Clerk is instructed to send Plaintiff a blank subpoena form along with this Order.

This Order terminates Docket Nos. 21 and 22.

IT IS SO ORDERED.

Dated: July 25, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge