United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY ANTHONY FRANKLIN,

Plaintiff,

v.

GEORGE GIURBINO, et al.,

Defendants.

Case No. 15-cv-04755-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AND DISMISSING CLAIMS AGAINST UNSERVED DEFENDANTS**

## I. BACKGROUND

Plaintiff Jeffrey Anthony Franklin, a state prisoner incarcerated at California State Prison - Sacramento, filed a *pro se* prisoner complaint under 42 U.S.C. § 1983, alleging that Defendants, prison officials from the California Department of Corrections and Rehabilitation ("CDCR") and Pelican Bay State Prison ("PBSP") where he was previously incarcerated, violated his constitutional rights when they made the decision on March 10, 2014 to transfer him to prisons located in an area susceptible to Valley Fever.

Valley Fever is "an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection." *Plata v. Brown*, No. C01-1351 TEH, 2013 U.S. Dist. LEXIS 90669, *19-20 (N.D. Cal. June. 24, 2013). Valley Fever is "endemic (native and common) to certain regions of the Southwestern United States, Mexico, and South and Central America where the climate and soil conditions are conducive to growth of the fungus. In California, most cases emanate from the southern San Joaquin Valley." *Id.* at 21.

In his complaint, Plaintiff named the following Defendants from the CDCR and PBSP: Governor Edmund G. Brown, Jr.; Secretaries Matthew Cate and Jeffrey Beard; Deputy Director George Giurbino; Director Suzan Hubbard; Chiefs D. Rothschild, Anthony Chaus, and Mike Ruff; Warden Greg Lewis; and Institutional Gang Investigator Jeremy Frisk. Plaintiff seeks injunctive relief and monetary damages.

The following is taken from the Court's March 29, 2016 Order of Service:

> In the instant action, Plaintiff alleges that on March 10, 2014, he appeared before the Department Review Board ("DRB") for consideration for placement into the CDCR's "Step Down Program," ("SDP"), which is the program that resulted from the aforementioned settlement in the *Ashker* class action. Dkt. 1 at 6. According to the CDCR's website, the SDP is an incentive-based, multi-step process that provides offenders placed in the SHU, like Plaintiff, the opportunity to earn enhanced privileges by refraining from participation in Security Threat Group affiliations and behaviors. The ultimate goal of SDP is to release the offender from the SHU.
>
> Plaintiff alleges that Defendants decided to place him in the SDP at "Step four" ("S4"), and "by doing so Defendants ordered [him to be] transferred from PBSP-SHU to the SHU at California Correctional Institution ("CCI") . . . ." *Id.* at 6-7. Plaintiff further claims that Defendants placed him in the S4 of SDP "in order to mute-out [sic] his status as a class plaintiff." *Id.* at 7. Thus, Plaintiff claims that by having him "transferred out of PBSP-SHU in order to mute [sic] his status within the [*Ashker* class action]," Defendants were "deliberate[ly] indifferent to his serious medical conditions and needs." *Id.* Specifically, Plaintiff claims that he "had a high risk medical hold on him since 2012 up to and including April 2014 in which for health reasons transferring or placing him in prisons with a high risk of valley fever infection such as [Deuel] Vocational Institute ("DVI") and CCI, was prohibited." *Id.* at 7-8. However, Defendants "deliberately disregarded [his] serious health conditions and needs by knowingly failing to object to and/or remonstrate despite having the authority to do so, against sending (transferring/placing) Plaintiff in further harm[']s way by subjecting him to being house in the valley fever area one and area two prisons." *Id.* at 8. Plaintiff claims that on April 28, 2014, Defendants Lewis, Rothschild and "John Doe[s] 1-5" "rescinded all of the prison 602 appeals third level decisions [that] recommend[ed] medical treatments in order to clear the way to have Plaintiff transferred and placed in harm[']s way." *Id.* at 9. Plaintiff alleges that a "medical chrono authored by a PBSP-SHU Registered Nurse ("RN") had undermined Plaintiff's medical hold which directly conflicted with the prison[’s] 602 appeal's decision." *Id.* And that Defendant Rothschild "used said chrono to authorize placing Plaintiff on the bus on May 2, 2014 in order to be transferred at rehoused at CCI . . . in the SDP-S4." *Id.* at 9-10.
>
> Plaintiff also claims that he was later housed in a "totally unclean, unsanitary, and filthy prison without proper ventilation and proper court and constitutionally mandated recreation outside of the prison cell for a minimum of ten (10) hours per week at DVI and then . . . at CCI . . . from May 9, 2014 up to and including August 26, 2015, where Plaintiff was required to be housed for a minimum of one (1) year per the SDP-S4 policy at the severe risk of deteriorating his health further." *Id.* at 8-9.

Dkt. 8 at 3-4. The Court further notes that Plaintiff does not allege that he contracted Valley Fever

while he was incarcerated at either DVI or CCI, and he is no longer incarcerated in those prisons. *See* Dkts. 1, 4.

The Court screened the complaint and ruled as follows: (1) dismissed Plaintiff's claims for injunctive relief; (2) dismissed Plaintiff's claims regarding problems with his incarceration at DVI and CCI; (3) found that Plaintiff stated a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Giurbino, Hubbard, Rothschild, Chaus, Ruff, Lewis, and Frisk because they deliberately disregarded his serious health conditions (i.e., his medical hold prohibiting his transfer to prisons with a high risk of Valley Fever infection) by failing to object to his transfers to DVI and CCI in May 2014; (4) dismissed Plaintiff's supervisory liability claim against Defendants Brown, Cate, and Beard; and (5) dismissed Plaintiff's claims against Doe Defendants. Dkt. 8 at 2-7. The Court ordered the complaint served on Defendants Giurbino, Hubbard, Rothschild, Chaus, and Ruff at the CDCR and on Defendants Lewis and Frisk at PBSP.[1]

The served Defendants Giurbino, Hubbard, Rothschild, Lewis, and Frisk (hereinafter "Defendants") have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff's complaint fails to state a claim. Dkt. 19. Defendants have also alleged, in the alternative, that they are entitled to qualified immunity. *See id*. Although Defendants do not state whether they bring their motion for qualified immunity as a motion to dismiss, pursuant to Rule 12(b)(6), or as a motion for summary judgment, pursuant to Rule 56, they have, in support of their motion, submitted no declarations or other evidence outside the pleadings relevant to a qualified immunity determination and rely solely on Plaintiff's complaint. Therefore, the Court construes the motion for qualified immunity as one asserted in a motion to dismiss pursuant to Rule 12(b)(6). *Cf.* Fed. R. Civ. P. 12(d) (providing Rule 12(b)(6) motion that relies on matters outside pleadings must be decided as Rule 56 motion); *see also Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007) (deciding issue of qualified immunity asserted in Rule 12(b)(6) motion) *vacated and remanded on other grounds*, 556 U.S. 1256 (2009).

[1] To date, Defendants Chaus and Ruff have not been served.

Plaintiff has filed an opposition to Defendants' motion to dismiss. Dkt. 29.[2] He has also filed a request for judicial notice. Dkt. 30. Defendants have filed a reply to the opposition and a response to Plaintiff's request for judicial notice. Dkt. 31.

## II. DISCUSSION

### A. Motion to Dismiss Eighth Amendment Claim Against Served Defendants

#### 1. Standard of Review

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice

[2] Plaintiff's motion for a third extension of time to file his opposition is GRANTED *nunc pro tunc* to the date he filed his opposition on December 1, 2016. Dkt. 28.

United States District Court
Northern District of California

of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**2. Deliberate Indifference to Medical Needs**

Federal law establishes that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle*, 429 U.S. at 104. To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A medical need is defined as "serious" if the failure to treat the prisoner's condition could result in further significant injury or the "'[u]nnecessary and wanton infliction of pain.'" *Id.* at 1059 (quoting *Estelle*, 429 U.S. at 104). A prison official is deemed "deliberately indifferent" if the official knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Once the prerequisites are met, it is up to the fact finder to determine whether a defendant exhibited deliberate indifference. A plaintiff need not prove complete failure to treat. Deliberate

indifference may be shown where access to medical staff is meaningless as the staff is not competent and does not render competent care. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).

**3. Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether an individual official is entitled to qualified immunity, the Court must determine whether (1) the official violated a constitutional right and (2) the constitutional right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the particular situation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts may exercise their discretion in deciding which prong of the test to address first, in light of the particular circumstances of the case. *Id.* at 236.

In *Pearson*, the Supreme Court modified the *Saucier* test and "gave courts discretion to grant qualified immunity on the basis of the 'clearly established' prong alone, without deciding in the first instance whether any right had been violated." *James v. Rowlands*, 606 F.3d 646, 650-51 (9th Cir. 2010) (discussing *Saucier* standard after *Pearson*). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *see, e.g.*, *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (court may grant qualified immunity by viewing all of the facts most favorably to plaintiff and then finding that under those facts the defendants could reasonably believe they were not violating the law).

The plaintiff bears the burden of proving the existence of a "clearly established" right at the time of the allegedly impermissible conduct. *Maraziti v. First Interstate Bank of California*, 953 F.2d 520, 523 (9th Cir. 1992). If the law is determined to be clearly established, the next question is whether, under that law, a reasonable official could have believed his conduct was lawful. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871-72 (9th Cir. 1993).

Meanwhile, the defendant bears the burden of establishing that his actions were reasonable, even if he violated the plaintiff's constitutional rights. *Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995).

**4. Analysis**

Defendants contend that they are entitled to qualified immunity because there is no United States Supreme Court or Ninth Circuit published decision that addressed whether an inmate's exposure to Valley Fever or any other environmental organism would be a violation of the Eighth Amendment. Dkt. 19 at 8.

As outlined above, qualified immunity shields an official from personal liability where he reasonably believes that his conduct complies with the law. *Pearson*, 555 U.S. at 244. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Stanton v. Sims*, __U.S. __, 134 S. Ct. 3, 5 (2013) (citations omitted). "A right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll v. Carman*, __U.S. __, 135 S. Ct. 348, 350 (2014) (citations omitted). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the "specific context" of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.*

Here, as mentioned above, the Court has construed Defendants as bringing their motion for qualified immunity as a motion to dismiss, pursuant to Rule 12(b)(6). In order to decide whether Defendants are entitled to qualified immunity, the question is whether it was clearly established that housing Plaintiff in a prison located in an area susceptible to Valley Fever would violate the Eighth Amendment. At this point in the proceedings, the Court is limited in its review to the contents of the complaint, and therefore it now summarizes the allegations in the complaint.

Plaintiff alleges that the decision to transfer him to DVI and CCI (and expose him to an

area susceptible to Valley Fever) was made on March 10, 2014. At the time of this decision, it was not clearly established that environmental exposure of an inmate to an organism that could cause a serious risk of harm would violate his constitutional rights. In his opposition, Plaintiff does not dispute this. *See* Dkt. 29. Thus, the existing precedent does not place "beyond debate" the question of whether a prison official is deliberately indifferent by making a decision to house an inmate in an area where Valley Fever is prevalent. *Carroll*, 135 S. Ct. at 350. Conversely, prior to the date at issue, March 10, 2014, numerous unpublished district court decisions held that confinement in an area where Valley Fever is prevalent *failed* to state an Eighth Amendment claim and that public officials had no duty to affirmatively mitigate the risk. *See Stevens v. Yates*, No. 1:10-cv-00705-MJS(PC), 2012 WL 2520464, at *3 (E.D. Cal. June 28, 2012) (Exposure to Valley Fever "is not, in and of itself, an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk."); *Harvey v. Gonzalez*, No. 2:10-cv-4803-VAP(SP), 2011 WL 4625710, at *3 (C.D. Cal. July 27, 2011) (Even if plaintiff alleged that defendants knew that plaintiff had a "far greater risk" of contracting Valley Fever because of his ethnicity, "that still would be insufficient to state a claim that defendants deliberately exposed plaintiff to an excessive risk of harm by housing him at [Pleasant Valley State Prison ("PVSP"), i.e., a region at high risk for Valley Fever exposure]."); *Gilbert v. Yates*, No. 1:09-cv-02050 AWI-DLB, 2010 WL 5113116, at *1-3 (E.D. Cal. Dec. 9, 2010) (plaintiff, who had a known history of asthma, pulmonary conditions, and hepatitis C, did not state an Eighth Amendment violation based on prison officials' failure to grant his requests for transfer from PVSP, despite his medical condition rendering him "vulnerable" to Valley Fever ), *aff'd*, 479 F. App'x 93 (9th Cir. 2012); *James v. Yates*, No. 1:08-cv-01706-DLB-PC, 2010 WL 2465407, at *2-4 (E.D. Cal. June 15, 2010) (finding that failure to screen before transfer to PVSP, to warn of the risks of contracting Valley Fever, to clean up, or move inmates away from, contaminated soil, or to approve transfer from PVSP could not state an Eighth Amendment claim, and stating that "[e]ven assuming Plaintiff is more susceptible to contracting Valley Fever [because of asthma and bronchitis], exposure in this instance is not sufficient by itself to establish a deliberate indifference claim"); *Moreno v. Yates*, No. 1:07-cv-1404-DGC, 2010 WL 1223131, at *2 (E.D. Cal. Mar. 24, 2010) ("By placing a prison and other

extensive facilities in the PVSP location, attended by prison employees, officials, and support personnel, as well as inmates, society plainly tolerates the health risks of that location.").

Moreover, Defendants in this action did not have fair notice that their decision to house inmates, such as Plaintiff, in an area that Valley Fever was prevalent would violate the Eighth Amendment. *See Chappell v. Mandeville*, 706 F.3d 1053, 1057 (9th Cir. 2013) (court is to consider whether an officer would have fair notice that his conduct was unlawful and that any mistake to the contrary would be unreasonable). Critically, judges have disagreed as to whether allegations that an inmate's ethnicity increases the risk of contracting Valley Fever and developing disseminating Valley Fever states an Eighth Amendment claim.[3] Judges also have disagreed as to whether an inmate's allegations that medical conditions increase the risk of contracting Valley Fever and developing disseminated Valley Fever states an Eighth Amendment claim.[4] Numerous

[3] *Compare, e.g.*, *Smith v. Brown*, No. 1:12-cv-0238-AWI-JLT (PC), 2012 WL 1574651, at *3-4 (E.D. Cal. May 3, 2012) (holding that African-American plaintiff's allegations that (1) he was exposed to Valley Fever while incarcerated at PVSP; (2) African-Americans are more susceptible to Valley Fever; and (3) the defendants knew of Valley Fever risks but failed to act were insufficient to state Eighth Amendment claim because defendants could not "be held liable for housing Plaintiff in an area where there is a potential to be exposed to Valley Fever spores"); *Clark v. Igbinosa*, No. 1:10-cv-01336-DLB PC, 2011 WL 1043868, at *2 (E.D. Cal. Mar. 21, 2011) (holding that the African-American plaintiff's allegations that (1) African-Americans are the highest risk group for disseminated Valley Fever and (2) being housed at PVSP did not state Eighth Amendment claim because "[g]oing to an area which contains valley fever and contracting valley fever are not sufficient to state an Eighth Amendment claim"); *James*, 2010 WL 2465407, at *2-4 (same); *Moreno*, 2010 WL 1223131, at *2 (granting summary judgment against plaintiff-inmate who contracted Valley Fever at PVSP and who alleged certain racial groups are more susceptible to developing disseminating Valley Fever because "society plainly tolerates the health risks" posed by Valley Fever at PVSP); *King v. Avenal State Prison*, No. 1:07-cv-01283-AWI-GSA (PC), 2009 WL 546212, at *4 (E.D. Cal. Mar. 4, 2009) ("[N]o courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.") *with, e.g.*, *Chaney v. Beard*, No. 1:14-cv-00369-MJS, 2014 WL 2957469, at *3 (E.D. Cal. June 30, 2014) ("Plaintiff alleges that he is an African American male and is therefore at an increased risk of harm from Valley Fever. This is sufficient to satisfy the first element of Plaintiff's Eighth Amendment claim.").

[4] *Compare, e.g.*, *Gilbert*, 2010 WL 5113116, at *3 (plaintiff did not state Eighth Amendment medical needs claim because even "[a]ssuming that the risk of contracting Valley Fever is higher at PVSP than in other areas of the state and that the disease is fatal in some cases, the Court declines to find that the prison itself, due to its location, constitutes a substantial risk of harm to inmates"); *Schroeder v. Yates*, No. 1:10-cv-00433-OWW-GSA-PC, 2011 WL 23094, at *1-2 (E.D. Cal. Jan. 4, 2011) (inmate with emphysema and chronic obstructive pulmonary disease could not state claim for exposure to Valley Fever spores while incarcerated at PVSP); *Ayala v. Yates*, No. 1:10-cv-00050-MJS (PC), 2011 WL 4527464, at *3 (E.D. Cal. Sept. 28, 2011) ("Exposure to [Valley Fever] at PVSP is not in and of itself an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk."); *with, e.g.*, *Whitney v. Walker*, No. 1:10-cv-01963-DLB-PC, 2012 WL 893783, at *2-4 (E.D. Cal. Mar. 15, 2012) (plaintiff's allegation that

district court decisions filed *after* the date at issue, March 10, 2014, have concluded that the aforementioned disagreement among the district courts establishes that officials would not have had fair warning that the policy of housing inmates in the endemic region without taking special precautions was unlawful. *See Smith v. Schwarzenegger*, Lead Case No. 1:14-cv-60-LJO-SAB, 2015 WL 5915353, at *13 (E.D. Cal. Oct. 7, 2015) (granting defendants' motion to dismiss plaintiffs' Eighth Amendment claim upon finding defendants entitled to qualified immunity because no authority has "fleshed out 'at what point the risk of harm from [Valley Fever] becomes sufficiently substantial for Eighth Amendment purposes'"); *Nawabi v. Cates,* Case. No. 1:13-cv-272-LJO-SAB, 2015 WL 5915269, at *14 (E.D. Cal. Oct. 7, 2015) (same); *Gregge v. Yates*, Case No. 1:15-cv-00176-LJO-SAB, 2015 U.S. Dist. LEXIS 157616, at *38 (E.D. Cal. Oct. 7, 2015) (same); *Jackson v. Brown*, Case No. 1:13-cv-01055-LJO-SAB, 2015 WL 5732826, at *1 (E.D. Cal. Sept. 28, 2015)( granting judgment on the pleadings on qualified immunity grounds for same reasons); *Lua v. Smith*, No. 1:14-cv-00019-LJO-MJS, 2014 WL 1308605, at *2 (E.D. Cal. Mar. 31, 2014) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."). Finally, this Court notes that there is nothing in the record showing that Plaintiff actually contracted Valley Fever during his incarceration at either DVI or CCI, and, therefore, Defendants would not have had fair notice that their decision to transfer him to these prisons amounted to deliberate indifference. *Cf. Miller v. Brown*, No. 1:12-cv-1589-LJO-BAM-PC, 2013 WL 6712575, at *6 (E.D. Cal. Dec. 18, 2013) (dismissing inmate's Eighth Amendment claim, in part, because he did not "indicate if he in fact contracted Valley Fever").

---

his immune system was compromised by cancer stated Eighth Amendment claim for contraction of Valley Fever while incarcerated at Avenal State Prison); *Owens v. Trimble*, No. 1:11-cv-01540-LJO-MJS (PC), 2012 WL 1910102, at *2 (E.D. Cal. May 25, 2012) ("Plaintiff has alleged that his asthma increases the risk of infection [of Valley Fever] and thus satisfies the first element of his Eighth Amendment claim."); *Sparkman v. Calif. Dep't of Corr. and Rehab.*, No. 1:12-cv-01444-AWI-MJS (PC), 2013 WL 1326218, at *3 (E.D. Cal. Mar. 29, 2013) ("Exposure to Valley Fever with such a preexisting lung condition is also a serious medical condition sufficient to satisfy the first prong of an Eighth Amendment claim based on Valley Fever exposure.") (citations omitted).

In sum, Defendants are entitled to qualified immunity because it was not "beyond debate" that there was a clearly established right on March 10, 2014 for Plaintiff not to be housed in either DVI or CCI, areas with a prevalence of Valley Fever spores. *Carroll*, 135 S. Ct. at 350. There was no published Supreme Court or Ninth Circuit case law that addressed whether an inmate's exposure to Valley Fever would be a violation of the Eighth Amendment. *See Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 990 (9th Cir. 2014) (defendants are not liable for violation of a right that was not clearly established at the time the violation occurred). Based upon the weight of authority, the Court finds that a reasonable official would not have had notice prior to March 10, 2014 that making a decision to house inmates in a location where Valley Fever was prevalent would violate an inmate's civil rights. Accordingly, Defendants are entitled to qualified immunity, and their motion to dismiss is GRANTED on that ground.[5] Therefore, the Court DISMISSES with prejudice the Eighth Amendment claim against Defendants Giurbino, Hubbard, Rothschild, Lewis, and Frisk.

**B. Eighth Amendment Claim Against Unserved Defendants Chaus and Ruff**

As mentioned above, Defendants Chaus and Ruff have not been served in this action and have not joined the other served Defendants in their motion to dismiss.

It is apparent, however, that even though Defendants Chaus and Ruff have not been served, the claims against them are subject to dismissal. Specifically, the allegations against Defendants Chaus and Ruff are the same as those against the other served Defendants in this action. As explained above, the Court has determined that the served Defendants Giurbino, Hubbard, Rothschild, Lewis, and Frisk are entitled to qualified immunity. Therefore, the Court has granted the served Defendants' motion to dismiss based on their entitlement to qualified immunity as to the Eighth Amendment claim against them. There is no suggestion in the complaint or in the briefs filed in connection with the present motion to dismiss, that the analysis differs with respect

[5] The Court's ruling that Defendants' motion to dismiss is granted based on their entitlement to qualified immunity obviates the need to address the alternative argument that Plaintiff's complaint must be dismissed for failure to state a claim for relief. Furthermore, the Court DENIES as moot Plaintiff's request for judicial notice because his request is not relevant to the issue of qualified immunity, and, instead, it is directed at Defendants' alternative argument relating to dismissal for failure to state a claim for relief. Dkt. 30.

to unserved Defendants Chaus and Ruff as opposed to the aforementioned served Defendants. *Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant).

Accordingly, the Court finds that Defendants Chaus and Ruff are entitled to qualified immunity, and DISMISSES with prejudice the Eighth Amendment claim against them.

## III. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Plaintiff's motion for a third extension of time to file his opposition is GRANTED *nunc pro tunc* to the date he filed his opposition on December 1, 2016. Dkt. 28.

2. The Court GRANTS Defendants' motion to dismiss, upon resolving the issue of qualified immunity asserted in their Rule 12(b)(6) motion. Dkt. 19. The Court DISMISSES with prejudice the Eighth Amendment claim against served Defendants Giurbino, Hubbard, Rothschild, Lewis, and Frisk, as well as the Eighth Amendment claim against unserved Defendants Chaus and Ruff.

3. The Court DENIES as moot Plaintiff's request for judicial notice because his request is not relevant to the issue of qualified immunity. Dkt. 30. As mentioned above, it is directed at Defendants' alternative argument relating to dismissal for failure to state a claim for relief, which the Court need not address.

4. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

5. This Order terminates Docket Nos. 19 and 28.

IT IS SO ORDERED.

Dated: January 3, 2017

YVONNE GONZALEZ ROGERS
United States District Court Judge